HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNG TIEN LEU,

    Petitioner,

  v.

JEH JOHNSON,[1] in his capacity as Secretary of Homeland Security, et al.,

    Respondents.

CASE NO. C13-1979RAJ

ORDER DISMISSING CASE

       This matter comes before the court on Respondents' motion to dismiss this action. Petitioner did not oppose the motion. For the reasons stated below, the court GRANTS the motion (Dkt. # 16) and directs the clerk to DISMISS this action and enter judgment for Respondents.

       Petitioner wants the court to decide whether he should be naturalized as a citizen of the United States. He cites only two sources of authority for the court to naturalize him: 8 U.S.C. § 1447(b) and 28 U.S.C. § 1361.

       Respondents have demonstrated that 8 U.S.C. § 1447(b) is inapplicable in this case. That statute applies when the government "fail[s] to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted", in which case "the

---

[1] The court substitutes Secretary Johnson for his predecessor, in accordance with Federal Rule of Civil Procedure 25(d).

ORDER – 1

applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b).  Here, Petitioner does not dispute that Respondents made a determination on his naturalization application; they denied it.  Thereafter, he invoked 8 U.S.C. § 1447(a) to request a hearing before an immigration officer.  8 U.S.C. § 1447(a) ("If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.").  For that reason, § 1447(b) is inapplicable.  Another statute, 8 U.S.C. § 1421(c), allows a person "whose application for naturalization under this title is denied[] after a hearing before an immigration officer under [8 U.S.C. § 1447(a)]" to review that denial via the Administrative Procedures Act.  But Petitioner did not mention § 1421(c) or the Administrative Procedures Act in his complaint, and the court assumes from his silence that he does not wish to invoke either statute.

Respondents have submitted evidence that Petitioner is currently in removal proceedings.  Although Petitioner has appeared before an immigration officer regarding his naturalization petition, Respondents are withholding a decision on the naturalization pending the completion of his removal proceedings.  At the time Petitioner filed his complaint, Respondents had yet to commence removal proceedings in an immigration court.  Respondents now present evidence that they have done so, and Petitioner presents no argument to the contrary.  Petitioner also does not contest that Respondents have authority, in accordance with 8 U.S.C. § 1429, to decline to decide his administrative hearing on the denial of his naturalization petition until his removal proceedings are resolved.  *See Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2004) ("The natural reading of this statute is that removal proceedings and final removal orders are to take precedence over naturalization applications.").  The court thus has no basis, on this record, to conclude that it could grant mandamus relief via 28 U.S.C. § 1361.

ORDER – 2

For these reasons, the court GRANTS Respondents' unopposed motion to dismiss. Dkt. # 16. The clerk shall DISMISS this action and enter judgment for Respondents.

DATED this 19th day of May, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3